IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY | ) ) ) |
| Plaintiff | ) ) |
| v. | ) No. 2-07-0072 ) |
| CUMBERLAND COUNTY BANK | ) ) |
| Defendant/Cross-Defendant/ Cross-Plaintiff/Counter-Plaintiff | ) ) ) |
| RUSSELL T. GARLAND; and NOELLE R. GARLAND | ) ) ) |
| Defendants/Cross-Defendants/ Cross-Plaintiffs | ) ) ) |
| PARAMOUNT TITLE SERVICES, LLC | ) ) |
| Defendant/Counter-Defendant/ Cross-Plaintiff | ) ) ) |
| and FRANCES M. ATKINS | ) ) |
| Defendant/Cross-Defendant/ Counter-Defendant/Cross-Plaintiff | ) ) ) |

TO:     Honorable Todd J. Campbell, Chief Judge

**REPORT AND RECOMMENDATION**

By order entered February 4, 2008 (Docket Entry No. 54), the motions of defendants Russell T. Garland and Noelle R. Garland to strike cross-claim of defendant Paramount Title Service, LLC

("Paramount") and cross-claim of defendant Cumberland County Bank ("the Bank") (Docket Entry Nos. 52 and 53) were referred to the Magistrate Judge for a Report and Recommendation.[1]

As addressed at the initial case management conference held on December 10, 2007, and as provided in the order entered December 11, 2007 (Docket Entry No. 32), any motions to file cross-claims were to be filed by January 31, 2008. Defendants Paramount and the Bank did not comply with that order. In contrast, the Garlands did comply with the December 11, 2007, order, and filed a motion to file a cross-claim against the Bank (Docket Entry No. 47).

Instead, defendant Paramount simply filed cross-claims against the Bank and the Garlands (Docket Entry No. 43), and the Bank simply filed a cross-claim against the Garlands (Docket Entry No. 48). As a result, defendants Russell T. Garland and Noelle R. Garland filed the instant motion to strike.

However, the December 11, 2007, order also provided that counsel for the defendants had represented at the initial case management conference held on December 10, 2007, that there would be no opposition to any motion seeking to file cross-claims.[2]

Therefore, there is no prejudice to the Garlands, since any motions timely filed by Paramount and the Bank would have been granted pursuant to the December 12, 2007, order, just as the Garlands' motion was granted by order entered February 1, 2008 (Docket Entry No. 50).

---

[1] Defendant Paramount has filed a response to the motion to strike its cross-claim (Docket Entry No. 57). Paramount filed an answer to the complaint and a cross-claim against defendant Atkins (Docket Entry No. 28) on December 3, 2007. Paramount argues that Rule 15(a) of the Federal Rules of Civil Procedure does not apply and that it was not required to obtain leave of Court to assert its cross-claim against the Garlands. It is not clear to the Court whether Paramount is suggesting that it had a right to file a cross-claim at any time in this case without consent of the opposing party or leave of Court. In any event, it is not necessary to address the applicability of Rule 15(a) to the filing of the cross-claims for the reasons set forth above.

[2] In retrospect, it would have made more sense for the Court to have granted the defendants leave to file cross-claims at the December 10, 2007, initial case management conference and simply to have included a provision in the December 11, 2007, order allowing any cross-claims to be filed by January 31, 2008, without the necessity of filing motions to file cross-claims.

Therefore, the cross-claims of Paramount (Docket Entry No. 43) and the Bank (Docket Entry No. 48) against the Garlands should be deemed to have included motions to file such cross-claims, and should be granted nunc pro tunc.

## RECOMMENDATION

For the reasons set forth above, it is respectfully RECOMMENDED that the motion of Russell T. Garland and Noelle R. Garland to strike cross-claim of Paramount Title Service, LLC and the motion of Russell T. Garland and Noelle R. Garland to strike cross-claim of Cumberland County Bank (Docket Entry Nos. 52 and 53) be DENIED, that the cross-claims of Paramount Title Services, LLC (Docket Entry No. 43) and Cumberland County Bank (Docket Entry No. 48) against the Garlands should be deemed to have included motions for leave to file such cross-claims, and that those motions for leave to file the motions be granted nunc pro tunc.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Yarn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge